# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | | CRIM. NO.: 11-CR-0046-CB |
| | * | |
| CLAYTON BRENT ADAMS. | * | |

## MOTION TO DISMISS INDICTMENT AGAINST
## CLAYTON BRENT ADAMS

COMES NOW the Defendant, CLAYTON BRENT ADAMS, by and through his attorney, and pursuant to Federal Rules of Criminal Procedure 7 and 12 moves this Honorable Court for an ORDER dismissing the Indictment against Clayton Brent Adams in the above-referenced matter and shows unto the Court as follows:

### INTRODUCTION

1. Clayton Brent Adams was arrested on April 22, 2010, and was charged with Theft of Property First Degree in the District Court of Escambia County, Alabama.

2. On August 6, 2010, Clayton Brent Adams was indicted by the

Escambia County Grand Jury for the offense of Theft of Property First Degree in Escambia County Circuit Court Case No.: CC-2010-000397.

3. On January 28, 2011, Game Warden Frank Reed, Alabama Department of Conservation arrested Clayton Brent Adams and the Defendant was charged with Hunting Without Permit (DC-11-0182) and Hunting Without a License (DC-11-0183).

4. On January 31, 2011, ATF Agent Bart Jeffrey and Escambia Sheriff's Officer Detective Brandon Burkett, interviewed Clayton Brent Adams who admitted that he was hunting for feral hogs using a Winchester 30.06. When asked why he possessed the firearms while he was under State indictment, Clayton Brent Adams stated that he was never told he was not allowed to possess firearms after he was indicted in CC-2010-000397.

5. On February 24, 2011, Clayton Brent Adams was indicted by the Grand Jury for the Southern District of Alabama for an alleged violation of Title 18, United States Code, Section 922(n), and the Indictment reads in pertinent part as follows:

> . . . the defendant, CLAYTON BRENT ADAMS, having been indicted of a crime punishable by imprisonment for a term exceeding one (1) year, to-wit: Theft of Property 1st Degree on August 6, 2010, in the Circuit Court of Escambia County, Alabama, Case No.: CC-10-398, <u>did knowingly possess</u>, in and effecting commerce, a firearm in violation of Title 18, United States Code, Section 922(n). (emphasis added)

# ARGUMENT

## THE INDICTMENT FAILS TO CHARGE

## AN OFFENSE PURSUANT TO 18 U.S.C. §922(n)

6. Count One of the Indictment in this case charges that the Defendant, Clayton Brent Adams, having been indicted for a felony, <u>did knowingly possess</u> a firearm in violation of 18 U.S. Code § 922(n). (emphasis added)

7. The Indictment charges the Defendant with the knowing and unlawful <u>possession</u> of the firearm, but 18 U.S.C. §922(n) does not specifically criminalize "possession."  Instead it criminalizes "receipt." Speaking with respect to §922(n)'s predecessor statute 18 U.S.C. §922(h), Court's have held that the term "receipt" includes any knowing acceptance or taking possession of a weapon, but "receipt" and "possession" of a firearm are not synonymous.   See <u>United States v. Williams</u>, 986 F.Supp. 1445(D. Kan. 1997), and cases cites therein.

8. The indictment impermissibly expands the breath of the statute and fails to state an offense for which relief can be granted.

## **THE DEFENDANT'S CONSTITUTIONAL RIGHT TO BEAR ARMS IS UNCONSTITUTIONALLY ABROGATED BY 18 U.S.C. §922(n)**

10.     To the extent that the Court determines that the Indictment is not defective, the Defendant respectfully submits that the prosecution against him is an unconstitutional abrogation of his right to bear arms under the Second Amendment to the United States Constitution.

11.     The Second Amendment to the U.S. Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

12.     In <u>District of Columbia v. Heller</u>, 554 U.S. 570 (2008), the U.S. Supreme Court held that the Second Amendment right is exercised individually and belongs to all Americans.

13.     The Supreme Court held that "the Second Amendment guarantees an individual right to possess weapons unconnected with militia service", 554 U.S. at 571, and it is respectfully submitted that this constitutional right includes the possession of arms for the purpose of killing game.  See, 554 U.S. at 626-627.

WHEREFORE, the premises considered, the Defendant respectfully requests that the above-referenced matter be set for a hearing on this Motion to Dismiss and that upon consideration that the Indictment against Clayton Brent Adams be dismissed with prejudice.

Respectfully submitted,

/s/ Paul D. Brown, Esq.
PAUL D. BROWN (BROWP7566)
Attorney for Defendant
Post Office Box 40456
Mobile, Alabama 36640-0456
(251) 438-4691

## CERTIFICATE OF SERVICE

This is to certify that on the 30th day of March, 2011, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following listed persons.  I further certify that I will mail the document to the following listed non CM/ECF participants:

Gregory A. Bordenkircher, Esq.
Assistant U. S. Attorney
U. S. Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36652

Clayton Brent Adams
(address withheld
pursuant to local rules)

/s/ Paul D. Brown
Paul D. Brown