## IN THE UNITED STATED DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 11-00046-CB** |
| | * | |
| **CLAYTON BRENT ADAMS** | * | |
| | * | |

### UNITED STATES' RESPONSE TO MOTION TO DISMISS INDICTMENT

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and files this response to the defense's March 30, 2011 motion to dismiss Count One of the Indictment. The United States requests that this motion be denied.

### I.      Background

On February 24, 2011, Clayton Brent Adams was charged in Count One of the Indictment with knowingly possessing a firearm in or affecting interstate commerce while under indictment for a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(n). On March 30, 2011, defense counsel for Adams filed a motion to dismiss this charge. Defense counsel contends that Count One is defective, because it charges Adams with *possession* of a firearm by a person under indictment, whereas Section 922(n) criminalizes *receipt* of a firearm by such a person. In a separate argument, defense counsel also argues that prosecuting under Section 922(n) is unconstitutional in light of the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008).

### II.      Analysis

### A.      Indictment is Not Defective

Section 922(n) states, in relevant part, that, "It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to . . . receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Defense counsel argues that Section 922(n) expressly criminalizes receipt of a firearm, but not possession of a firearm, while under indictment. In support of this argument, defense counsel cites to *United States v. Williams*, 986, F. Supp. 1145 (D. Kan. 1997). However, while this case does contain some discussion of whether proof of possession is sufficient to convict under Section 922(n), the *Williams* court never reaches a holding on this issue.

In *Williams*, the District of Kansas considers *sua sponte* the issue of whether a defendant can be charged with possession of a firearm under Section 922(n). *Id.* at 1446. The court noted that both the Sixth and the Eighth Circuits have held that "receipt and possession of a firearm are not synonymous, but that possession is circumstantial evidence of prior receipt." *Id.* (citing *United States v. Goerlich*, 729 F.2d 1168, 1170 (8th Cir. 1984); *United States v. Craven*, 478 F.2d 1329, 1336-37 (6th Cir. 1973)). Furthermore, the court highlighted that with regard to similar language in Section 922(g)(5), the Tenth Circuit has held that "it is not necessary to show that the defendant actually received a weapon to prove 'receipt' of a firearm under § 922; receipt may be established circumstantially by proving possession." *Id.* (quoting *United States v. Hernandez*, 913 F.2d 1506, 1513-14 (1990)). The *Williams* court suggested that the Tenth Circuit's reasoning in *Hernandez* may also apply to indictments charging possession in violation of Section 922(n). However, since the court raised the issue *sua sponte*, it did not reach a conclusion on this issue and requested additional briefing from the parties.

Other than *Williams*, there are very few opinions discussing whether proof of possession of

-2-

a firearm is sufficient to establish receipt of a firearm to support a conviction under Section 922(n). The First Circuit appears to be the only circuit court to address this issue as it pertains to Section 922(n), and it held that receipt of a firearm can be proven by the defendant's possession of a firearm. *United States v. Sanchez-Badillo*, 540 F.3d 24, 32 (1st Cir. 2009). However, most circuits, including the Eleventh Circuit, have held that the proof of possession is sufficient to prove receipt under Section 922(h), which was the predecessor to Section 922(n). *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1986); United States v. Clark, 741 F.2d 699, 703 (5th Cir. 1984); *United States v. Martin*, 732 F.2d 591, 592 (7th Cir. 1984); *United States v. Goerlich*, 729 F.2d 1168, 1170 (8th Cir. 1984); *United States v. Griffin*, 705 F.2d 434, 437 (11th Cir. 1983); *United States v. Lipps*, 659 F.2d 960, 962 (9th Cir. 1981); *United States v. Turnmire*, 574 F.2d 1156, 1157-58 (4th Cir. 1978); *United States v. Craven*, 478 F.2d 1329, 1336-37 (6th Cir. 1973).

The United States intends to prove that Adams possessed a firearm while under indictment for a crime punishable by imprisonment for a term exceeding one year. Although the Eleventh Circuit has not addressed the issue of whether proof of possession would satisfy proof of receipt for the purposes of Section 922(n), the United States believes the Eleventh Circuit would follow its holding in *Griffin* that "receipt [under the predecessor to Section 922(n)] is interpreted broadly and includes any knowing acceptance or taking possession of a firearm." *Griffin*, 705 F.2d at 437.

**B.     Section 922(n) Is Not Unconstitutional in Light of *Heller***

In *Heller*, the Supreme Court held that the Second Amendment provides an individual with a right to possess and use a firearm for lawful purposes, such as self-defense within the home. *See Heller*, 554 U.S. at 636  However, the Supreme Court also made clear that "the right secured by the Second Amendment is not unlimited." *Id.* 626. The Supreme Court emphasized that "nothing in

-3-

[its] opinion should be taken to cast doubt on the longstanding prohibitions of possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings. . . . *Id.* at 626-27. This regulatory measures provided by the Court were intended as examples of constitutional restrictions to the right guaranteed under the Second Amendment, and were not intended to be an exhaustive list. *Id.* at 627 n.26. Thus, like other constitutional rights, the individual right protected by the Second Amendment is not absolute, but is subject to appropriate restrictions.

Restricting the ability to possess firearms by an individual under indictment for a crime punishable by imprisonment for a term exceeding one year is a constitutional restriction of that individual's Second Amendment right. Nothing in *Heller*, or any subsequent binding opinion, suggests otherwise.

**III.    Request**

The United States requests that the Court deny the motion to dismiss Count One of the Indictment.

Respectfully submitted this 8th day of April, 2011.

<div style="margin-left:45%;">

KENYEN R. BROWN
UNITED STATES ATTORNEY
By:

*/s/ Gregory A. Bordenkircher(BORDG3301)*
Gregory A. Bordenkircher
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845

</div>

-4-

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing pleading with the clerk of the Court using CM/ECF, which automatically serves a copy of the same upon counsel for the defendant this the 8th day of April, 2011.

/s/ *Gregory A. Bordenkircher*
Gregory A. Bordenkircher
Assistant United States Attorney