IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | | CRIM. NO.: 11-CR-0046-CB |
| | * | |
| CLAYTON BRENT ADAMS. | * | |

**DEFENDANT'S REPLY**

**TO THE GOVERNMENT'S RESPONSE**

**TO THE DEFENDANT'S MOTION TO DISMISS INDICTMENT**

COMES NOW the Defendant, CLAYTON BRENT ADAMS, by and through his attorney, and pursuant to Federal Rules of Criminal Procedure 7 and 12 and files this Reply to the Governments Response to the Defendant's Motion to Dismiss Indictment and shows unto the Court as follows:

1. The Government agrees that 18 U.S.C. §922(n) does not specifically criminalize "possession." Instead it criminalizes "receipt."

2. The Government argues that it "intends to prove that Adams possessed a firearm while under indictment for a crime punishable by imprisonment for a term exceeding one year." However, the manner in which the Government proves the charge against the Defendant is

United States of America v. Clayton Brent Adams
**Defendant's Reply to the Government's Response to the Defendant's Motion to Dismiss Indictment**
Page 1 of 4

immaterial to the requirements of the Sixth Amendment.

3. An indictment "shall be a plain, concise, and definite statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7 (c) (1).

4. In United States v. Critzer, 951 F.2d 306 (11th Cir. 1992), the defendant moved to dismiss the indictment for a failure to allege a violation of federal law. The Government opposed the motion, but then it "listed the facts that it expected to prove at trial and explained how those facts constituted the offenses charged". 951 F.2d at 307  The Eleventh Circuit reversed the trial court and held that when a trial court is faced with a challenge to the indictment, the trial court is constitutionally barred from considering the sufficiency of the evidence. The sufficiency of an indictment is determined from the face of the indictment. 951 F.2d at 307 See also, Fed. Rules Cr. Proc. Rule 12(b)(3)(B).

5. Constitutional requirements are fulfilled "by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983).

6. There is no question that the indictment in this case does not track the language of the statute.

United States of America v. Clayton Brent Adams
**Defendant's Reply to the Government's Response to the Defendant's Motion to Dismiss Indictment**
Page 2 of 4

7.  It is noteworthy to compare the requirements of 18 U.S.C. § 921(n) with 18 U.S.C. § 922(g).  Section 922(g) make it unlawful for a <u>convicted</u> felon (among other prohibited persons) from shipping, receiving, or <u>possessing</u> a firearm.  It is understandable how Congress intended for felons to not possess a weapon but made it clear that possession was not the criminality to be punished by a person who has simply been indicted.

8.  The Government's argument transposes §922 (n) into a 922(g) offense against a person who has been indicted.

WHEREFORE, the premises considered, the Defendant respectfully requests that the above-referenced matter be set for a hearing on this Motion to Dismiss and that upon consideration that the Indictment against Clayton Brent Adams be dismissed.

Respectfully submitted,

/s/ Paul D. Brown, Esq.
PAUL D. BROWN (BROWP7566)
Attorney for Defendant
Post Office Box 40456
Mobile, Alabama 36640-0456
(251) 438-4691

United States of America v. Clayton Brent Adams
**Defendant's Reply to the Government's Response to the Defendant's Motion to Dismiss Indictment**
Page 3 of 4

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of April, 2011, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following listed persons. I further certify that I will mail the document to the following listed non CM/ECF participants:

Gregory A. Bordenkircher, Esq.
Assistant U. S. Attorney
U. S. Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36652

Clayton Brent Adams
(address withheld
pursuant to local rules)

/s/ Paul D. Brown
Paul D. Brown

United States of America v. Clayton Brent Adams
**Defendant's Reply to the Government's Response to the Defendant's Motion to Dismiss Indictment**
Page 4 of 4