**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 11-00046-CB |
| CLAYTON BRENT ADAMS, | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This matter is before the Court on a motion to dismiss the indictment filed by Defendant

Clayton Brent Adams (Doc. 27) and the government's response thereto (Doc. 33).  As grounds

for his motion, Defendant argues that the indictment fails to charge an offense or, alternatively,

that the statute under which he is charged violates his constitutional right to bear arms.  After a

careful review of the indictment in light of the applicable law, the Court finds that the

indictment is insufficient on its face and, therefore, does not reach the constitutional issue raised

by the Defendant.

In *United States v. Schmitz*, ___ F.3d ___,  2011 WL 754148 (11th Cir. Mar. 4, 2011), the

Eleventh Circuit recently restated the standard for reviewing the sufficiency of an indictment:

> An indictment is considered legally sufficient if it: (1) presents the essential
> elements of the charged offense, (2) notifies the accused of the charges to be
> defended against, and (3) enables the accused to rely upon a judgment under the
> indictment as a bar against double jeopardy for any subsequent prosecution for the
> same offense.  In determining whether an indictment is sufficient, we read it as a
> whole and give it a common sense construction.  In other words, the indictment's
> validity is to be determined by practical, not technical considerations.

*Id.* at * 9 (internal quotations and citations omitted).

The question here is whether the indictment "presents the essential elements of the charged offense." The charge against the Defendant, in its entirety, is as follows:[1]

> On or about January 28, 2011, in the Southern District of Alabama, Southern Division, the defendant,
>
> **CLAYTON BRENT ADAMS**,
>
> Having been indicted of a crime punishable by imprisonment for a term exceeding one (1) year, to-wit: Theft of Property 1st degree on August 6, 2010, in the Circuit Court of Escambia County, Alabama, Court No. CC 10-398, did knowingly ***possess***, in and affecting commerce, a firearm to-wit: a Winchester, Model 70, 30-06 caliber, Bold Action rifle, serial number G2164550.
>
> In violation of Title 18, United States Code, Section 922(n).

(Emphasis added.) Section 922(n) does not criminalize ***possession*** of a firearm by a person under indictment. The statute makes it unlawful for a person under indictment "to ***ship or transport*** in interstate or foreign commerce any firearm or ammunition *or **receive*** any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(n) (emphasis added).

The government argues that the indictment is sufficient, even though it does not allege that the Defendant committed any of the three acts made unlawful by the statute--shipped, transported or received a firearm—because "proof of possession would satisfy proof of receipt for purposes of Section 922(n)." Govt's Brf. 3. Though there may be circumstances where evidence of possession is sufficient to prove receipt, the terms "possess" and "receive" are not synonymous. *United States v. Goerlich*, 729 F.2d 1168, 1170 (8th Cir. 1984); *accord United States v. Williams*, 986 F. Supp. 114 (D. Kan. 1997); *see also Scarbrough v. United States*, 431 U.S. 562 (1997) (opining, in discussion of prior statute making it unlawful for convicted felon to

---

[1] Count Two charges Caleb Ryan Adams with a violation of 18 U.S.C. § 922(g)(1).

"receive, possess or transport," that it might be possible to receive without possessing). Discussing the meaning of "receipt" under 18 U.S.C. § 922(h), a predecessor statute, the Eleventh Circuit held: "'Receipt,' under 18 U.S.C. § 922(h), is interpreted broadly and includes any *knowing acceptance* or *taking of possession* of a firearm." *United States v. Griffin*, 705 F.2d 434, 437 (11th Cir. 1983) (emphasis added). As the government points out, a number of circuits have held that proof of possession, either actual or constructive, is sufficient to prove receipt. *E.g.*, *United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1086); *United States v. Clark*, 741 F.2d 699, 703 (5th Cir. 1984); *United States v. Martin*, 732 F.2d 591 (7th Cir. 1984); *Goerlich*, 729 F.2d at 1170; *United States v. Lipps*, 659 F.2d 960, 961 (9th Cir. 1981); *United States v. Turnmire*, 574 F.2d 1156, 1157-58 (4th Cir. 1978). Still, those cases do not address the sufficiency of an indictment that fails to track the statutory language and charges a person under indictment with "possessing," rather than "receiving," a firearm.

The statute criminalizes receipt of a firearm after indictment. Even assuming that one who possesses a firearm necessarily received it first, receipt is a discrete occurrence while possession implies a continuous act. A person who acquires a firearm and is later indicted continues to *possess* the firearm, but he does not *receive* the firearm again by virtue of that possession. A person under indictment who accepts or takes possession of a firearm after the indictment has both *possessed* and *received* a firearm. When the indictment charges only possession, either scenario is possible, but only the latter violates the statute. Thus, an indictment that alleges only possession of a firearm by a person under indictment is insufficient to charge a violation of 18 U.S.C. § 922(n).

For the foregoing reasons, the motion to dismiss the indictment is hereby **GRANTED**. The charge asserted against Defendant Clayton Brent Adams shall be dismissed without prejudice.[2]

**DONE** and **ORDERED** this the 18th day of April, 2011.


s/*Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[2] Jeopardy does not attach to the pretrial dismissal of an indictment.  *United States v. Mann*, 517 F.2d 259 (5th Cir. 1975).